1  Anthony M. Solis, SBN 198580
   A Professional Law Corporation
2  550 South Hope Street
   Suite 660
3  Los Angeles, CA 90071
   (213) 489-5880 - Phone
4  (213) 489-5923 - Fax

5  Attorney for Defendant
   DWIGHT SITYAR

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                          WESTERN DIVISION

11

12  UNITED STATES OF AMERICA,        )   CASE NO.: 05-CR-1035-CMW
                                     )
13                                   )
             Plaintiff,              )   NOTICE OF MOTION AND MOTION
14                                   )   FOR EARLY TERMINATION OF
         v.                          )   PROBATION [18 U.S.C. §3564(c)];
15                                   )   MEMORANDUM OF POINTS AND
                                     )   AUTHORITIES; ATTACHMENTS
16                                   )
                                     )
17                                   )
    DWIGHT SITYAR,                   )
18                                   )   DATE:      TBD
             Defendant.              )   TIME:      TBD
19                                   )   COURTROOM OF THE HON.
                                     )   CARLA M. WOHERLE
20  _____)

21       TO ALL INTERESTED PARTIES

22       PLEASE TAKE NOTICE THAT on a date and time to be set by the court, the defendant

23  DWIGHT SITYAR, by and through his attorney of record, Anthony M. Solis, will move and hereby

24  does move this court for an order terminating his probation in this matter.

25       This Motion will be based on the attached memorandum of points and authorities, the attached

26  Declaration of Anthony M. Solis, upon the records and files in this case, and upon such further oral or

27  documentary evidence as may be

28  ///

---

MOTION FOR EARLY TERMINATION OF PROBATION
1

presented at any hearing on this matter.

DATED: September 18, 2007

Respectfully submitted,
ANTHONY M. SOLIS
A Professional Law Corporation

BY: ANTHONY M. SOLIS
Attorney for Defendant
DWIGHT SITYAR

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introductory Statement

Following a plea agreement with the Government, or about April 12, 2006, Defendant Dwight Sityar was sentenced to three (2) years probation a single misdemeanor violation of 17 U.S.C. § 506(a)(1)(B), and 18 U.S.C. § 2319, criminal infringement of a copyright. Further, he was required to complete 100 hours of his community service, which has been completed, and was ordered to pay a special assessment fo $25.00. Mr. Sityar has fulfilled all the terms and conditions of his probation thus far, he has served nearly two-thirds of a two year grant of probation.

In addition, Mr. Sityar has been a model probationer for the entire period thus far. He has had no law enforcement contacts since he was put on probation and he has maintained gainful employment since his conviction. In his personal life, Mr. Sityar, a United States citizen, cares for his adolescent daughter. Prior to the instant offense, he had no criminal history.

Mr. Sityar's probation officer, Mr. Alex Guevara, concurs that Mr. Sityar is an excellent candidate for early termination. Undersigned counsel spoke with Mr. Guevara, and he supports this request for early termination.

The prosecutor in this matter, Assistant United States Attorney Erik Silber, **does not oppose this motion.**

Mr. Sityar now applies to this court for early termination of his probation so that he can further his rehabilitation and pursue more rewarding employment opportunities.

### 18 U.S.C. § 3564 PERMITS THE COURT TO TERMINATE A PERIOD OF PROBATION EARLY

Subsection (c) of 18 U.S.C. § 3564 provides as follows:

> "The court, after considering the factors set forth in section 3553(a) to the extent they are applicable, may . . . terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." *Id.*

Among the factors the Court is to consider in Section 3553(a) are as follows:

(1) <u>The nature and circumstances of the offense and history and characteristics of the defendant</u>. As the Court has already considered in its initial sentencing of the defendant, the defendant was convicted of participating in a scheme to copy a copyrighted motion picture. The loss was either zero or was negligible and no actual victim restitution was ever claimed. Mr. Sityar promptly accepted of responsibility and entered a plea pursuant to a plea agreement with the government. In addition, Mr. Sityar had no criminal history prior to this matter and has been a model probation for the past eighteen months of his two year grant of probation. Clearly, the behavior which resulted in the present case was aberrational.

(2) <u>The need for the sentence imposed to:</u>

(A) <u>Reflect the seriousness of the crime</u>. Considering Mr. Sityar's lack of criminal history and the absence of any claimed loss in this matter, combined with the fact that Mr. Sityar has successfully served two-thirds of this probationary period, it is submitted that Mr. Sityar's probationary period has sufficiently conveyed the seriousness of the crime to which he pled. The service of an additional six months of probation would only have but a negligible effect on reflecting the seriousness of the crime. Rather, his early acceptance of responsibility, prompt payment of fines and flawless performance on probation, reflects the seriousness with which Mr. Sityar viewed this matter.

(B) <u>To afford adequate deterrence to criminal conduct</u>. Mr. Sityar will still have the criminal conviction regardless of whether the court grants the requested relief. Whatever deterrent effect the court's sentence initially had, such deterrent effect is hardly diminished by his early termination from probation. Rather, early termination would actually serve as an acknowledgment of Mr. Sityar's rehabilitation.

(C) <u>To Protect the Public from further crimes of the Defendant</u>; Mr. Sityar's crime was not a crime of violence. It was a financial crime with low losses. Mr. Sityar had no criminal history prior to this case. Following two successful years of probation, Mr. Sityar is not the type of individual from which the public needs protection.

(D). <u>To Provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u> Mr. Sityar was not ordered to do any such

1 training, but, In fact, Mr. Sityar is seeking early termination so that he can be a more productive
2 member of society by securing better employment. The requested relief would only further his
3 rehabilitation.

4     Mr. Sityar accepted responsibility for his actions, made all payments required of him in a
5 prompt manner, and has been an exemplary probationer. This application is made following nearly
6 two-thirds of Mr. Sityar's period of probation and therefore he is eligible for the relief requested
7 under 18 U.S.C. § 3564. The application is also *unopposed* by Probation and the Government. The
8 defendant prays for this court to enter an order terminating his probation early.

## CONCLUSION

10     For the foregoing reasons, it is respectfully requested that this Court enter an order terminating
11 Mr. Sityar's probation.

12 DATED: September 18, 2007        ANTHONY M. SOLIS
                                      A Professional Law Corporation

                                      BY: ANTHONY M. SOLIS
                                      Attorney for Defendant
                                      DWIGHT SITYAR

## DECLARATION OF ANTHONY M. SOLIS

Anthony M. Solis declares as follows:

1. I am an attorney at law licensed to practice before this court. I represent the Defendant Dwight Sityar in this matter.

2. On August 16, 2007, I spoke to Alex Guevara, United States Probation Officer (818-346-1614). Mr. Guevara is Mr. Sityar's probation officer. Mr. Guevara agrees that Mr. Sityar has been an excellent probationer and has completed all the terms and conditions of his probation, including the completion of all community service hours. Mr. Guevara informs me that he has no objection to the court terminating Mr. Sityar's probation early.

3. On September 18, 2007, I spoke to Assistant United States Attorney Erik Silber. Mr. Silber took over Mr. Sityar's case from AUSA Brian Hoffstadt. Mr. Silber informs me that he has no opposition to this motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 18th day of September, 2007 at Los Angeles, California.

_____
ANTHONY M. SOLIS

MOTION FOR EARLY TERMINATION OF PROBATION
6

PROOF OF SERVICE

STATE OF CALIFORNIA       )
                          ) ss.
COUNTY OF LOS ANGELES     )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action. My business address is 550 South Hope Street, Suite 660, Los Angeles, CA 90071.

On September 19, 2007, I caused to be served the document described as:

**NOTICE OF MOTION AND MOTION TO TERMINATE PROBATION; MEMORANDUM OF POINTS AND AUTHORITIES; ATTACHMENTS**

xxx  by placing a true copy thereof in a sealed envelope, with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California, addressed as follows:

Eric Silber, AUSA
1200 U.S. Courthouse
312 North Spring Street
Los Angeles, CA 90012

Alex Guevara
United States Probation Officer
11827 Ventura Blvd.
Suite 100
Studio City, CA 91604-2816

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 19, 2007 at Los Angeles, California.

ANTHONY M. SOLIS